**Chan Dara TUM, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* Attorney General, Respondent.**

Nos. 04–73073, 04–76524.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2009.

Filed Feb. 20, 2009.

Manish Daftari, Esquire, Rai & Associates, PC, Hardeep Singh Rai, Indus Law Group LLP, San Francisco, CA, George Tim Heridis, Esquire, Sunnyvale, CA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Teal Luthy Miller, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, CANBY and HAWKINS, Circuit Judges.

## MEMORANDUM \*\*

Appellant Chan Dara Tum, a native and citizen of Cambodia, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Tum also petitions for review of the BIA's denial of his motion to reopen on the basis of his application for adjustment of status. "Where, as here, the BIA adopts the decision of the IJ, we review the IJ's decision

---

\* Eric H. Holder, Jr. is substituted for his predecessor, Michael Mukasey, as Attorney General of the United States. Fed. R.App. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

as if it were that of the BIA." *Hoque v. Ashcroft,* 367 F.3d 1190, 1194 (9th Cir. 2004).

We review adverse credibility findings under the substantial evidence standard. *Rivera v. Mukasey,* 508 F.3d 1271, 1274 (9th Cir.2007). Under this standard, credibility findings will be upheld unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003). We review the denial of a motion to reopen for an abuse of discretion. *Id.* We deny the petitions for review.

Tum's testimony was internally inconsistent, and inconsistent with his asylum application, regarding his political activities and his mistreatment while detained. The inconsistencies are material and go to the heart of Tum's claim of persecution on account of political opinion. Accordingly, substantial evidence supports the IJ's adverse credibility determination, and we uphold the denial of Tum's applications for asylum and withholding of removal. *See, e.g., Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Because Tum's CAT claim is based on the same testimony the IJ found not credible, and Tum does not point to any other evidence which shows it is more likely than not he will be tortured, his CAT claim also fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir. 2003).

We also conclude that the BIA did not abuse its discretion in denying Tum's motion to reopen to adjust status, because Tum failed to present clear and convincing evidence of a strong likelihood that his marriage is bona fide. A marriage that occurs during removal proceedings is presumed to have been entered into for the purpose of "procuring the alien's admission as an immigrant." 8 U.S.C. § 1255(e)(3); *see also* 8 C.F.R. § 204.2(a)(1)(iii)(A)–(B). Evidence provided to refute this presumption must be probative of "an actual and legitimate relationship," not "just the bare

fact of getting married." *Malhi,* 336 F.3d at 994. The BIA held that Tum had submitted "some evidence," including evidence of a joint bank account, a utility bill, three wedding pictures, and notes from his mother and father-in-law indicating that the wedding occurred and was not entered into to avoid Tum's deportation. The BIA held, however, that this proffer was insufficient to overcome the statutory presumption that the marriage was fraudulent. In light of the nearly total lack of evidence to show the motivation behind Tum's marriage, the BIA's conclusion was not an abuse of discretion.

Finally, Tum alleges that the BIA misapplied the appropriate statutory standard, demanding a more substantial evidentiary showing than is legally required. The BIA's decision does misquote the language of 8 C.F.R. § 204.2(a)(1)(iii)(B), which enumerates six forms of evidence a petitioner can provide to support a petition to reopen based on a marriage. This section states that a petitioner "may submit" six separate types of documents to support his claim, but also states that a petitioner is neither "limited to" these forms of evidence nor required to submit all six types. 8 C.F.R. § 204.2(a)(1)(iii)(B). The BIA's opinion, however, states that Tum was "required to provide evidence" of all six types. Nevertheless, the record as a whole makes clear that the BIA rejected Tum's appeal because he could not overcome the statutory presumption of invalidity, and not because he did not submit all six forms of evidentiary support. We therefore hold that the BIA did not abuse its discretion.

**PETITIONS FOR REVIEW DENIED.**